**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KENNETH JUNIUS,

          Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,

          Agency.

DOCKET NUMBER
DA-0845-17-0031-I-1

DATE: June 29, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kenneth Junius</u>, New Orleans, Louisiana, pro se.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his Federal Employees' Retirement System (FERS) overpayment appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113.

## BACKGROUND

¶2       The Office of Personnel Management (OPM) issued a reconsideration decision on September 27, 2016, affirming its calculation of a $29,906 overpayment in FERS annuity benefits and denying the appellant's request for a waiver. Initial Appeal File (IAF), Tab 1 at 8-11. Based on a finding of financial hardship, OPM adjusted the repayment schedule and indicated that it would collect the overpayment in 664 monthly installments of $45, plus a final installment of $26, beginning with the appellant's annuity payment check dated January 1, 2017. *Id.* at 11.

¶3       The appellant filed an appeal with the Board on October 17, 2016, contesting OPM's reconsideration decision. IAF, Tab 1. OPM filed a motion to dismiss the appeal on November 15, 2016, stating that it had "rescinded the decision under appeal, [and] there no longer remains any matter over which the Board retains jurisdiction." IAF, Tab 6 at 4. OPM also stated that it would cease all collection attempts and issue a new decision after further review of the amount of the overpayment. *Id.* The administrative judge granted OPM's motion and

dismissed the appeal for lack of jurisdiction based on his finding that OPM had completely rescinded the final decision. IAF, Tab 9, Initial Decision (ID) at 2.

¶4 The appellant has filed a petition for review, arguing the merits of his appeal. Petition for Review (PFR) File, Tab 1. The agency has responded to his petition. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 On review, the appellant does not address the administrative judge's finding that the Board has no jurisdiction over this appeal. Instead, he submits medical documentation and asserts that he did not know that he needed to file this evidence on appeal below. PFR File, Tab 1 at 3, Tab 3. He also submits evidence and argument that he is in debt because of his election to take disability retirement. PFR File, Tab 1 at 4, 6-9. He contends that he did not understand how the disability retirement system works or that the money he received was not his. *Id.* at 4. He further states that he only applied for disability retirement because the Postal Service threatened him with removal based on his absences from an on-the-job injury. *Id.* at 3-4. For the reasons discussed below, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction.

¶6 The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under FERS after OPM has issued a final or reconsideration decision. 5 U.S.C. § 8461(e)(1); *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶¶ 13-14 (2014); 5 C.F.R. § 841.308. If OPM completely rescinds the reconsideration decision, however, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue, and the appeal must be dismissed. *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013). Here, OPM asserted that it had completely rescinded the final decision and intended to issue a new decision regarding the alleged overpayment. IAF, Tab 6 at 4. The appellant did not

dispute these contentions below or on review, despite being explicitly informed by OPM's motion and the initial decision that such rescission divests the Board of jurisdiction. ID at 3; IAF, Tab 6 at 4; *see Boughton v. Department of Agriculture*, 94 M.S.P.R. 347, ¶¶ 5‑6 (2003) (finding it sufficient that an agency's motion to dismiss or an initial decision put the appellant on notice of the Board's jurisdictional requirements, providing him with an opportunity to meet his burden on review). Rather, the appellant argues the merits of his appeal, which is immaterial to the jurisdictional issue before the Board on review. PFR File, Tab 1 at 3-4; *see Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that an appellant's arguments concerning defamation and the basis for the agency's withdrawal of a job offer were not relevant to issue of the Board's jurisdiction over the agency's withdrawal of the job offer, the issue currently before the Board). We therefore affirm the administrative judge's decision to dismiss this appeal for lack of jurisdiction.

¶7      As noted above, OPM indicated that it intends to issue a new decision concerning the alleged overpayment. IAF, Tab 6 at 4. The dismissal of this appeal does not preclude the appellant from filing another appeal if he disagrees with OPM's new reconsideration decision. *Franklin v. Office of Personnel Management*, 62 M.S.P.R. 168, 169-70 (1994). The appellant must file any future appeal within the limits set forth in the Board's regulations. *Id.*; *see* 5 C.F.R. § 1201.22. Because the appellant's arguments on review present no basis to disturb the initial decision, we deny his petition for review.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7702</u>(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.